**Borges & Wu, LLC**
105 W. Madison, 23rd Floor, Chicago, IL 60602
(312)853-0200  Fax: (312)873-4693

## CONTRACT FOR POSTPETITION SERVICE

| FOR OFFICE USE (O) |
|---|
| Client No. 76362 |
| Responsible attorney: XWU |

1. **Parties.** In this contract, "Client" means the undersigned, both individually and jointly; "Attorney" means the law firm of Borges & Wu, LLC. and its staff attorneys.

2. **Service and Fees:** This contract is to be executed after the filing of a bankruptcy case for post-petition/conversion service. The legal fee governed by this contract cannot be discharged in a case filed or converted before the execution of the contract. For payment of the fee, Client consents to automatic bank debit/ACH and/or wage assignment. A collection fee on the remaining balance may be added in the case of wage assignment. Client is under no obligation to enter into this contract, and has the right to retain different representation or have this contract reviewed by another attorney prior to signing. Client retains Attorney, and Attorney will counsel and represent Client, for the following matter(s):

| SERVICE | FEES |
|---|---|
| ☒ *Post-petition/conversion service* | $ 2,500.00 plus court costs $ 0.00. The fee shall cover all aspects of a pending Chapter 7 case except for matters listed separately below |
| ☐ *Adversary proceeding* | Initial retainer $_____ plus court costs $_____. Subsequent fees at $300-400/hour, billable and payable on a monthly basis |
| ☐ *§ 722 redemption* | $_____. The fee may be advanced by a lender and is subject to any applicable finance charge by the lender. Client remains responsible for the fee until paid regardless of the outcome. **Client is advised to continue making regular payments with the original lender until the redemption is finalized** |
| ☐ *Motion to avoid lien* | $_____ |
| ☐ *Motion to reopen case* | $_____ plus court costs $_____ |
| ☐ *Motion to compel abandonment* | $_____ plus court costs $_____ |
| ☐ *Motion for sale of real estate* | $_____ |
| ☐ *Amendment(s)* | $_____ plus court costs $_____ |
| ☐ *Additional § 341 meeting(s)* | $_____ |
| ☐ *Motion to convert case* | $_____ plus court costs $_____ (inapplicable to conversion from Chapter 13 to 7) |
| ☐ *Post-discharge litigation* | Initial retainer $_____ plus court costs $_____. Subsequent fees at $250-400/hour plus costs, billable and payable on a monthly basis |
| ☐ *Appeal* | Initial retainer $_____ plus court costs $_____. Subsequent fees at $250-400/hour plus costs, billable and payable on a monthly basis |
| ☐ *Other* (specify): _____ | $_____ |

The legal fee is an ☒ advance payment retainer ☐ security retainer ☐ classic retainer, and is a flat fee unless otherwise stated. Should hourly billing be necessary, Attorney's billing rates are $450/hour for senior partners, $300/hour for junior partners and associates, and $100/hour for paralegals. Client shall pay all court costs upfront. The filing fee and expenses are subject to change at any time. The billing rates are subject to an annual review and potential increase every calendar year. A $40 fee will be assessed for an NSF check or chargeback, or if a scheduled debit/ACH payment is declined.

3. **Client's duties.** Client agrees, during the course of representation, to:
(a) provide Attorney with full, accurate and timely information, financial and otherwise;
(b) cooperate with Attorney in providing requested documents;
(c) complete the debtor education/personal financial management course in a timely manner;
(d) promptly inform Attorney of any change of address, phone number, e-mail address or employment, or activation of military duty;
(e) inform Attorney before selling, refinancing or otherwise transferring any real property or other assets in which Client has any interest;
(f) promptly inform Attorney if Client becomes entitled to an inheritance, an asset as a result of a property settlement agreement with Client's spouse or a divorce decree, life insurance proceeds, or a monetary judgment, award or settlement.

4. **Co-counsel.** Client understands that more than one attorney may work on this case. Where necessary, Client agrees to employ one or more of the following outside counsel, at Attorney's expense, to work on this case: Kathleen W. Vaught, Kelly M. Johnson, Wayne J. Skelton, Christina Banyon, David Hall Carter, Derek V. Lofland and _____.

5. **Termination.** Client may discharge Attorney at any time, subject to payment of any fee owed for the services already rendered. Attorney may terminate the representation as permitted by the Illinois Rules of Professional Conduct and Local Bankruptcy Rules. Any flat fee is an advance payment for future services and is earned and becomes nonrefundable upon filing of the requested action in court. Any filing fee will be applied as such upon filing of the requested action in court. In the event the representation is terminated by either party before filing and Client has paid Attorney more than $300, Attorney will provide Client with a detailed itemization of the services rendered in support of any fee charged at the rates referred to § 2 (the rates are subject to change each year). Client will reimburse Attorney for any expenses, including those that otherwise would be free of charge, and Client authorizes Attorney to apply the filing fee and any payment for expenses that have not been incurred towards the attorney's fee, subject to the requirements set forth herein.

X _[signature]_       X _[signature]_        Date: 9/26/25
Attorney signature: _____  ARDC #: _____

Copyright © 2022  Borges & Wu, LLC